IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § § | CIVIL ACTION NO. 2:19-CV-12874 |
| Plaintiff, | | |
| v. | | JUDGE BARRY ASHE |
| T&T SUBSEA, LLC | | MAGISTRATE JUDGE DANA DOUGLAS |
| Defendant. | | **JURY TRIAL** |

**CONSENT DECREE**

**WHEREAS**, Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") filed the instant lawsuit alleging Defendant T&T Subsea, LLC ("Defendant" or "T&T Subsea") violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA") when it terminated Jason Woods ("Mr. Woods") because of his "disability" within the meaning of the ADA;

**WHEREAS**, The Commission and Defendant ("the parties") wish to avoid the risks, uncertainties, delays, and expenses of continued litigation, and thus have agreed to settle this lawsuit for the relief specified in this Consent Decree (sometimes referred to as "Decree"); and

**WHEREAS**, the parties stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites.

Therefore, **IT IS ORDERED**, **ADJUDGED AND DECREED** that:

1.  This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in the instant Civil Action No. 19-12874 and in EEOC Charge No. 461-2017-00655 filed by Jason Woods.

2.      The aims of the ADA will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement.

3.      Neither the negotiation, nor the execution, nor the entry of this Consent Decree shall constitute: (a) an acknowledgement or admission of any kind by Defendant that its officers, agents or employees have violated the ADA, or (b) evidence of discrimination in these proceedings.

4.      This Consent Decree constitutes the complete understanding between the parties with regard to the matters discussed herein

## I.   INJUNCTIVE RELIEF

5.      Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it, are permanently enjoined from:

i. Discriminating against an employee with respect to condition or privilege of employment on the basis of an actual or perceived disability.

ii. Discriminating against an employee because of an actual or perceived impairment, including by placing the employee on forced leave or discharging them.

iii. Discriminating against an employee by refusing to make a reasonable accommodation.

iv. Discriminating against an employee because Defendant knows or has reason to believe that the employee needs or may need a reasonable accommodation.

v. Determining that an employee poses a direct threat in the workplace or is not entitled to a reasonable accommodation without first medically evaluating the employee consistent with the ADA.

vi. Failing or refusing to allow an employee to provide medical evidence relating to whether he or she is qualified.

vii. Failing or refusing to consider any medical evidence provided by an employee or an

employee's licensed health care provider when considering whether an employee qualified, provided, however, when considering whether someone is qualified for the position of commercial underwater diver, the medical evidence must be from a licensed physician with sufficient experience with the work of commercial underwater divers to know and understand the essential job functions of a commercial underwater diver.

viii. Determining that an employee is not qualified because of an impairment without considering medical evidence from the employee's licensed health care provider or a health care provider who has medically evaluated the employee and can meaningfully assess the employee's ability to perform the essential functions of the job, provided, however, that when making this determination for someone in the position of commercial underwater diver, the medical evidence must be from a licensed physician with sufficient experience with the work of commercial underwater divers to know and understand the essential job functions of a commercial underwater diver.

ix. Retaliating against an employee who: (1) has filed or files this or any other charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks relief or damages as a result of this or any other investigation or litigation by the EEOC, or (5) has received or receives relief or damages as a result of this or any other investigation or litigation by the EEOC.

## II.    MONETARY RELIEF

6. Within fifteen (15) calendar days of entry of this Consent Decree, Defendant shall pay Mr. Woods the sum of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($125,000.00) ("Settlement Payment") in full and final settlement of the EEOC's lawsuit, and it "constitutes a

debt owed and collectible by the United States." Defendant shall send the Settlement Payment directly to Mr. Woods by direct deposit to a bank account belonging to Jason Woods. The EEOC shall provide defense counsel with the bank routing and account numbers of Jason Woods's banking account and Mr. Woods's mailing address no later than five (5) calendar days from the entry of this Decree. The day that Defendant makes the direct deposit of the Settlement Payment, Defendant shall also send Mr. Woods, via regular mail, a statement of any withholdings made by Defendant from the Settlement Payment.

7. The parties agree that TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) of the Settlement Payment shall constitute wages. The remaining ONE HUNDRED THOUSAND DOLLARS ($100,000.00) shall, for tax purposes, be classified as non-wage damages available under 42 U.S.C. § 1981(a) ("Section 1981a damages").

8. Defendant shall withhold taxes from and issue a U.S. Internal Revenue Service (IRS) Form W2 for the TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) of the Settlement Payment that comprises wages. Defendant shall also issue an IRS Form 1099 without any withholding for the ONE HUNDRED THOUSAND DOLLARS ($100,000.00) of the Settlement Payment that comprises Section 1981a damages. The aforementioned IRS forms shall be mailed to Mr. Woods at the address provided to Defendant's counsel within thirty calendar days of the entry of this Decree.

9. Mr. Woods bears sole responsibility for paying any federal, state or local taxes that may be due on the Settlement Payment.

    A.    **Report of Settlement Payment**

10. On the day that Defendant makes the direct deposit of the Settlement Payment into Mr. Woods's bank account, Defendant shall send the EEOC, in accordance with paragraph IX of this

Decree, a copy of the withholdings statement mailed to Mr. Woods and written confirmation from Defendant that it paid Mr. Woods the full settlement amount as indicated in paragraph 6 above.

### III. NON-MONETARY RELIEF

11. Defendant shall not make any adverse employment recommendations to third parties about Jason Woods as such adverse recommendations raise a presumption of unlawful retaliation. Upon a third-party inquiry about Mr. Woods's employment, Defendant will disclose only his dates of employment, his position, and his rate of pay/salary, and that it is Defendant's policy in all cases to provide only such limited information. Defendant shall <u>not</u> disclose any information relating to Mr. Woods's history of cancer, cancer treatment, his fitness for diving, information regarding his ADCI certification or qualification, the reasons for his termination, his Charge of Discrimination, this Decree or the lawsuit underlying this Decree unless expressly required to do so by the U.S. Department of Transportation or another state or federal agency with legal authority to compel disclosure of this information or unless disclosure is required by Court Order.

12. Defendant shall exclude from Mr. Woods's personnel file, segregate, and keep confidential all documents, records, and information, whether electronic or otherwise, relating to his history of cancer, cancer treatment, his fitness for diving, information regarding his ADCI certification or qualification, the reasons for his termination, his Charge of Discrimination, this Decree and the lawsuit underlying this Decree. Defendant shall further change all information in Mr. Woods's personnel file indicating that he was discharged to state that he resigned.

### B. ADA TRAINING

13. Within ninety (90) calendar days of the entry of this Decree, Defendant shall conduct the first of three annual ADA training sessions to all of Defendant's managers, supervisors, and human resources personnel. Each subsequent training session shall take place no later than twelve

(12) months after the date of the previous session.

14. Each training session shall cover at minimum: the provisions of the ADA; Defendant's obligations under the ADA, and all obligations imposed on Defendant by this Consent Decree. The training sessions shall also consist of role-playing assignments to illustrate the topics discussed. Written materials that discuss the topics covered in the training shall be provided to the attendees for their subsequent review and reference. At the conclusion of each training session, each attendee must sign an "Acknowledgement of Training" form.

15. Each training session shall last at least two hours in length and be conducted live (or if necessary due to Covid-19 quarantine measures, through a live, virtual platform) by an employment lawyer with at least five years' experience handling employment discrimination matters. At least sixty (60) calendar days before the start of each training session, Defendant shall provide the EEOC in accordance with Section IX of this Decree, the following information:

    a. The name, address, telephone number, email address and resume of the proposed training provider;

    b. The proposed training curriculum that outlines the information to be addressed in the training; and

    c. The proposed training agenda and materials to be distributed in the training.

16. The EEOC shall have ten (10) calendar days from the date it receives the information discussed in paragraph 15 to accept or reject the proposed trainer, curriculum, agenda or written materials. If the Commission does not approve Defendant's designated trainer, curriculum or materials, Defendant shall have ten (10) calendar days to identify an alternate trainer and provide a new curriculum and/or materials. The Commission shall then have another ten (10) calendar days from the date of receipt to accept or reject the alternate trainer, curriculum and materials. If the

parties ultimately cannot agree on a trainer or curriculum through good faith negotiations, they may seek the Court's assistance.

### C. TRAINING COMPLIANCE REPORT

17. Within thirty (30) calendar days from the date of each training session, Defendant shall email the EEOC a training compliance report in accordance with Section IX of this Decree. Each training compliance report must contain:

   i. The date and time the training took place;

   ii. The identity of the trainer;

   iii. The duration of the training;

   iv. A statement confirming that all agenda items and materials previously provided to the EEOC for approval were presented to the attendees at the training; and

   v. The "Acknowledgement of Training" form signed by all attendees.

### D. ADA COMPLIANCE REPORTS

#### 1. Reports of Adverse Actions Taken Against Divers/Tenders with a Disability

18. Within twelve (12) months from the date of entry of this Consent Decree and continuing yearly every twelve months thereafter, Defendant shall report to the EEOC all adverse employment actions taken within the previous twelve months against a diver/tender based in whole or in part on a physical or mental impairment of the diver/tender. Each report shall be emailed to the EEOC in accordance with Section IX of this Decree and shall contain the following information:

   i. The full name and contact information (last known physical and email addresses and telephone numbers) of the diver/tender with a disability who was subject to an adverse employment action.

    ii. The full name and job title of the decision-maker responsible for the adverse employment action.

    iii. A summary of the adverse employment action and the reasons for it that includes all relevant names and dates.

    iv. Copies of all relevant underlying documents that explain the adverse employment action and the reasons for it.

### 2. Reports of Disability Complaints and Accommodation Requests

19. Within twelve (12) months from the date of entry of this Consent Decree, and continuing yearly every twelve months thereafter Defendant shall report to the EEOC all complaints of disability discrimination against a manager, supervisor, human resources or other employee of T&T (whether an informal verbal or written internal complaint or a formal charge filed with the EEOC or a state or local FEPA) made by a diver/tender within the previous twelve months and all denials of reasonable accommodation made against a diver/tender within the previous twelve months. Each report shall be emailed to the EEOC in accordance with Section IX of this Decree and shall contain the following information:

    i. The full name and contact information (last known physical and email addresses and telephone numbers) of the complainant-diver/tender.

    ii. The full name and job title of the person alleged to have engaged in disability discrimination and/or the person allegedly responsible for the denial of reasonable accommodation.

    iii. A summary of the nature of the alleged unlawful conduct and/or the reasons for the reasonable accommodation denial, including all relevant names and dates.

    iv. An explanation of any internal investigation or inquiry made into the alleged complaint,

and any final action taken by T&T on the matter.

v. Copies of all relevant underlying documents that reflect the information listed in paragraphs 18.i through 18.iv above.

### E. ANTI-DISCRIMINATION POLICIES

#### 1. Revision of T&T Subsea's EEO Policy

20. Within ninety (90) calendar days of the entry of this Decree, Defendant shall revise its existing anti-discrimination policy and distribute a copy of the revised policy to all employees. The revision shall include language that at minimum:

i. Prohibits the discrimination against an employee on the basis of disability within the meaning of the ADA.

ii. Prohibits any act, policy, or practice that has the effect of discriminating against an employee on the basis of disability in violation of the ADA.

iii. Provides immediate notice in writing to any employee who reports discrimination and any employee reported to be the victim of discrimination of the victim's right to file a charge of discrimination with the EEOC, and provides such employee with the telephone number, address, e-mail address, and website address of the closest EEOC office.

iv. Provides a process for reporting and/or complaining about discrimination or retaliation prohibited by the ADA that allows the complaining employee by-passes the alleged discriminator.

v. Provides a process for requesting reasonable accommodations that complies with the ADA.

vi. Ensures the confidentiality of any complaint and complaining employee to the extent practicable considering Defendant's need to investigate, and that also ensures that all actions taken by Defendant in response to any complaint will be documented and

      maintained by T&T Subsea.

  vii. Ensures that T&T Subsea will promptly investigate an alleged complaint of disability discrimination or retaliation under the ADA, and that promptly upon the conclusion of its investigation, T&T Subsea will communicate to the complaining employee the results of the investigation and the remedial actions taken or proposed, if any.

  viii.      Provides that anyone who engages in retaliation prohibited by the ADA will be disciplined, up to and including discharge.

21. Within ninety (90) calendar days of the entry of this Decree, Defendant shall email the EEOC in accordance with Section IX of this Decree, Defendant's proposed policy revisions. Within ten (10) calendar days from the EEOC's receipt of the proposed revisions, the Commission shall provide Defendant any comments or edits it may have. In turn, within ten (10) calendar days of receipt of the comments, Defendant shall implement the Commission's suggested edits or propose to the EEOC alternative language. The EEOC shall again have ten (10) calendar days from receipt of any proposed alternative language to further comment and revise. If the EEOC does not respond within any allotted review time or has no further comments, Defendant shall implement the revised EEO policy by including it in T&T Subsea's Employee Handbook and electronically disseminating a copy of the final revised policy to all employees.

22. If the parties cannot agree on revisions to Defendant's EEO policy through good faith negotiations, either party may seek the Court's assistance to resolve the matter.

### 2. Revision of T&T's Policy and Practice Regarding the Disqualification and Accommodation of Divers/Tenders with a Disability

23. Within fifteen (15) calendar days of the entry of this Decree, Defendant shall notify all managers, supervisors, human resources, and contract diving physicians in writing that where a conflict is perceived to exist between T&T's duties and obligations under the ADA and any

company policy or other industry guidelines concerning the medical disqualification or termination of a diver/tender due to an actual or perceived physical or mental impairment or medical condition, the obligations dictated by the ADA supersede and control T&T's actions. This written notice shall be discussed and explained at each annual training session described in paragraphs 13-15 above.

24. This written notice shall expressly state, at minimum, that consistent with the ADA:

   i. A diver/tender cannot be medically disqualified or terminated without first having a qualified medical professional physically evaluate the employee's condition and review the employee's medical records to meaningfully assess his/her ability to perform the essential functions of the job.

   ii. Where a diver/tender provides a medical release that falls short of a full release without restrictions, T&T's management must determine whether a reasonable accommodation exists for the employee to continue employment. The employee cannot be placed on forced leave and cannot be terminated without first considering medical evidence provided by the employee or the employee's healthcare provider pertaining to the employee's qualifications, provided, however, the medical evidence must be from a licensed physician with sufficient experience with persons performing commercial diving work to know and understand the essential job functions of a commercial underwater diver.

   **F.     Policy Change Reports**

25. On the day Defendant implements the EEO policy revisions and policy changes set forth in Sections III. E.1 and E.2 above, Defendant shall provide the EEOC a compliance report as required under Section IX of the Decree that includes the following:

   i. The date and manner Defendant implemented the revisions and distributed the revised policy to all employees, and a copy of the final, revised anti-discrimination policy.

    ii. The date and manner by which managers, supervisors, human resources, and contract diving physicians were notified of the policy/practice change regarding the disqualification and accommodation divers/tenders based on disability; and a copy of the written notice of said policy/practice change.

    **G.    Posting of Notice to Employees**

26.    Within fifteen (15) calendar days of entry of this Decree, Defendant shall email to all employees, post on a common electronic bulletin board or internal website, and post on physical bulletin boards accessible to all T&T employees, the Notice to Employees attached as Exhibit A to this Decree.

27.    Said Notice to Employees shall remain posted for the duration of the Decree.

28.    Defendant shall ensure that the Notice is not altered, defaced, obstructed or moved from its posted location. The posted physical copy of Notice shall be laminated and on paper that is no smaller than 8.5 x 11.

**29.    Report of Posting**

30.    On the day that Defendant emails and posts the Notice to Employees, Defendant shall report to the EEOC, in accordance with Section IX below, that the Notice was posted. The report shall include a time-stamped photograph of the posted Notice as well as a copy of the email to employees that contains the Notice.

### IV.    DURATION OF DECREE

31.    This Consent Decree shall remain in effect for a period of three (3) years from the date of entry.

32.    The "date of entry" or the "effective date" of this Consent Decree means the date the Court

enters this Decree.

## V.   JURISDICTION

33.   During the duration of this Decree, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC may seek Court-ordered enforcement of this Decree in the event of a breach of any provision herein.

## VI.   LIAISON

34.   Defendant shall designate a Liaison within fifteen (15) calendar days of the entry of this Decree. The Liaison must be an officer of T&T who possesses the knowledge, capability, and resources to monitor T&T's compliance with the terms and conditions of the Consent Decree.

35.   The term "Liaison" as used in this Decree means the representative appointed by Defendant to ensure its compliance with the terms and conditions of this Consent Decree. The designated Liaison must have the authority to act on behalf of T&T with regard to all matters relating to this Consent Decree. Any act or failure to act by the Liaison will be attributable to Defendant.

36.   The Liaison must report to and be supervised by the Chief Executive Officer, or equivalent, of T&T.

37.   Within fifteen (15) calendar days of the removal, resignation, or incapacitation of the existing Liaison, Defendant shall appoint a replacement Liaison and notify the EEOC in writing, in accordance with Section IX below, the new Liaison's name, job title, mailing address, e-mail address, and telephone number.

## VII.   RECORDS

38.   During the life of this Decree, Defendant shall preserve and maintain all documents, information, and records, electronic or otherwise, that pertain to this Decree and its underlying

lawsuit, regardless of whether they are discoverable or admissible in this suit.

39. Defendant shall comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII, the ADA and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this Decree do not constitute a waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

### VIII. MISCELLANEOUS PROVISIONS

40. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest. Defendant shall notify all such successors-in-interest of the existence and terms of this Decree.

41. Each party to this action shall bear its own attorney's fees and costs incurred in connection with this action.

42. Nothing in this Consent Decree shall be construed to preclude the Commission from processing, investigating or litigating any claim or issue arising from any other charge of discrimination against Defendant not resolved by this Decree.

43. If any provision of the Consent Decree is found to be unlawful or unenforceable, the parties agree to meet and confer in good faith to decide how the provision must be amended to effectuate the purpose of the Decree. In any event, the remainder of the Decree shall remain in full effect and enforceable.

44. The parties shall take all necessary steps to effectuate the terms and conditions of the Consent Decree. The Court may amend this Decree if both parties have consented in writing. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend this Decree.

## IX.   NOTICES

45.   Defendant's designated Liaison must transmit all reports, notifications, and other communications required under this Consent Decree to the EEOC by email to all of the following addresses:

claudia.molina@eeoc.gov

gregory.juge@eeoc.gov

johnny.lundie@eeoc.gov

46.   The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree. The EEOC will notify Defendant's Liaison in writing of any such designations.

47.   Each party-signatory below certifies that he or she is authorized to execute this document on behalf of the party whom he or she represents.

**IT IS SO ORDERED**.

**THUS, DONE AND SIGNED**, New Orleans, Louisiana, this 4th day of February, 2021.

_____
**THE HONORABLE BARRY ASHE**
**UNITED STATES DISTRICT JUDGE**

**APPROVED AND ENTRY REQUESTED:**

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

/s/ Claudia Molina-Antanaitis
Claudia Molina-Antanaitis
Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
Telephone: (346) 327-7711
Facsimile: (713) 651-7995
Email: claudia.molina@eeoc.gov


**FOR DEFENDANT T&T SUBSEA, LLC:**

/s/ Robert P. Vining [by permission]
Robert P. Vining
Schouest, Bamdas, Soshea & BenMaier
1001 McKinney Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
Email: rvining@sbsblaw.com

**EXHIBIT A**

**NOTICE TO EMPLOYEES**

1. Discrimination against an employee on the basis of disability violates federal law, specifically the Americans with Disabilities Act, as amended (ADA). The ADA prohibits an employer from discriminating against an employee on the basis of disability and also requires that an employer provide a qualified individual with a disability a reasonable accommodation to perform their job. The ADA also prohibits retaliation against any employee who complains about disability discrimination.

2. T&T Subsea, LLC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate both federal law and T&T Subsea, LLC's anti-discrimination policy. Any employee who violates the law and policy will be subject to substantial discipline, up to and including termination.

3. The posting of this Notice to Employees by T&T Subsea, LLC does not constitute an admission of any liability under federal law.

4. Any employee who believes they have been the target of disability discrimination or retaliation is encouraged to visit the EEOC website at www.eeoc.gov. Employees may also report concerns using the procedures set forth in T&T Subsea, LLC's policy against discrimination.

SIGNED this _____ day of _____, 2021.

_____
[print name], CEO,
T&T Subsea, LLC

**This Notice must remain posted continuously for three years from the date of signature. It must not be altered, defaced, removed, or covered.**